

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Sidney Latham
Secretary of State
Austin, Texas

Attention: Mr. Horace B. Sessions

Dear Sir:

Opinion No. O-6019
Re: Can the $3.00 fee be re-
funded, for the filing of
a real estate license,
when accompanied by an
original application or
renewal in proper form
in event the applicant is
refused his license or re-
quests a withdrawal of the
application before action
has been taken to complete
or refuse same? And a re-
lated question.

     This acknowledges receipt of your letter which reads
as follows:

     "We have a question arising under Section 16
(a), (b), and (c) of the Real Estate Dealers Li-
cense Act of Texas - Title 113-A, Section 6573(a),
Paragraph 16, Revised Civil Statutes.

     ". . . .

     "In answering requests for the return of fees
forwarded with original and renewal applications,
it is necessary for us to know whether the fees
charged are to be considered filing or licensing
fees. We should like to be advised on the follow-
ing specific questions.

     "1. Can the $3.00 fee be refunded when accom-
panied by an original application or renewal in
proper form in event the applicant is refused his

Honorable Sidney Latham, page 2

license or requests a withdrawal of the application before action has been taken to complete or refuse same?

"2. Can the $3.00 fee be refunded where the applicant fails to complete original or renewal application in proper form?"

Section 6a of Article 6573a, Vernon's Annotated Civil Statutes, provides, in part, as follows:

"Any applicant desiring to act as a real estate dealer in this State shall file with the Administrator of the Securities Division of the office of the Secretary of State an application for a license therefor. The application shall be in such form as the Administrator of the Securities Division of the office of the Secretary of State may prescribe, and shall set forth:

" . . .."

Sections 16 and 18 of Article 6573a, supra, respectively provide:

"Sec. 16. The Administrator of the Securities Division of the office of the Secretary of State shall charge and collect the following fees and shall duly pay all fees received into the State Treasury.

(a). A fee of Three Dollars ($3) for the filing of any original or renewal application of a real estate dealer, which fee shall include the cost of the issuance of a license if any should be issued.

"(b). A fee of Three Dollars ($3) for the filing of any original or renewal application of a real estate dealer, which fee shall include the cost of the license, who is a member of a partnership, or association or an officer of a corporation licensed under the provisions of this Act, other than the member of the partnership, or association or the officer of the corporation named in the license issued to such partnership, association, or corporation.

"(c).  A fee of Three Dollars ($3) for the filing of any original or renewal application of a real estate salesman, which fee shall include the cost of the issuance of the license if any should be issued.

"  . . .."

"Sec. 18.  Upon and after the effective date of this Act, all moneys derived from fees, assessments, or charges under this Act, shall be paid by the Administrator of the Securities Division of the office of the Secretary of State into the State Treasury for safe-keeping, and shall by the State Treasurer be placed in a separate fund to be available for the use of the Administrator of the Securities Division of the office of the Secretary of State in the administration of this Act upon requisition of the Administrator of the Securities Division of the office of the Secretary of State.  . . ."

You will observe that by the clear wording of Section 16, supra, the fee is "for the filing" and "shall include the cost of the issuance of a license if any should be issued." In our opinion, therefore, the fees charged under Section 16, supra, should be denominated filing fees.

When a person has voluntarily made such a payment he cannot recover it; hence it should not be refunded.

This fee covers the expense of "the filing of any . . . applications," the investigation of the applicant, and "the cost of the issuance of a license if any should be issued."

You will further observe that in each of your questions the license did not issue because of some fault of the applicant.  It follows that we answer your two questions in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By ~~Fred C. Chandler~~
Fred C. Chandler
Assistant

By
Elton M. Hyder, Jr.

APPROVED JUN 10, 1944

(Acting) ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY

EMH:db